**SIGNED.**

**Dated: June 20, 2011**

**James M. Marlar, Chief Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GEORGE W. RICE AND ROSE A. RICE, | ) | No. 4:08-bk-15880-JMM |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| Debtors. | ) | |

A putative creditor, Steve Valleta, has objected to the Trustee's Final Report and proposed distribution on the grounds that his claim is not included for payment (ECF Nos. 23 and 28). No proof of claim is on file.

Although Mr. Valletta contends that he mailed in the proof of claim, he has no proof of mailing, nor any proof that an error occurred in the Clerk's Office. Nor were his assertions supported by a verified affidavit.

He has no grounds for filing a motion to allow a late-filed claim, either. He admits he had notice of the bankruptcy and specifically of the claims bar date. It is a party's affirmative duty to monitor the dockets. In re Warrick, 278 B.R. 182, 187 (9th Cir. BAP 2002).

**THE LAW**

Rule 3002(a) requires that an unsecured creditor in a chapter 7 case "must file a proof of claim" in order for the claim to be allowed.

1 | The time requirements of Rule 3002(c) govern the filing of proofs of claim in chapter 7 cases. Thus, the "excusable neglect" standard of Rule 9006(b)(1) does not govern late filings of proof of claim in Chapter 7 cases. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 389 & n.4 (1993).

Rule 3002 contains no language permitting an extension of the filing period upon the request of a general unsecured creditor who does not fall within the ambit of one of the [inapplicable] subsections. Thus, "[t]he language of Rules 3002 and 9006 make it clear that no such extension may be granted." 9 COLLIER ON BANKRUPTCY ¶ 3002.03[1], at 3002-10 to 3002-11 (15th ed. rev. 2010).

The only exception would be for creditors who did not receive official, constructive, inquiry actual notice of the bankruptcy filing and/or claims bar date in time to file. <u>See</u> <u>In re Gregory</u>, 705 F.2d 1118, 1123 (9th Cir. 1983); <u>In re Bucknum</u>, 951 F.2d 204, 207-08 (9th Cir. 1991); <u>In re Price</u>, 871 F.2d 97, 99 (9th Cir. 1989); <u>In re Coastal Alaska Lines, Inc.</u>, 920 F.2d 1428, 1430-31 (9th Cir. 1990).

## **CONCLUSION**

Because Mr. Valleta has failed to establish sufficient legal cause to be added as an unsecured creditor, his attempt to participate in the dividend to creditors is DENIED. Mr. Valleta's objection to the Trustee's Final Report will be OVERRULED. A separate order will be entered. Appeal times are governed by FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the BNC ("Bankruptcy Noticing Center") to:

Attorney for Debtors
Steve Valletta
Trustee
Office of the U.S. Trustee